```
                                              FILED IN CLERK'S OFFICE
                                                 U.S D.C. Atlanta
```

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NOV 0 2 2005

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

CHRISTOPHER A. REID,  :

    Plaintiff,  :

                          CIVIL ACTION NO.

v.  :

                          1:04-CV-1885-MHS

BMW OF NORTH AMERICA,  :
et al.,

                        :

    Defendants.

## ORDER

There are several motions pending before the Court. The Court's ruling on each motion is set forth below.

This is a product liability action brought by plaintiff against BMW of North America, Bayerische Motoren Werk Aktiengelsellschaft (BMW AG), and Does 1-100. Plaintiff contends that on July 3, 2002, while he was looking under the hood of a 1995 BMW 325i (E36 series), the radiator exploded causing boiling radiator fluid to spray onto plaintiff and permanently injuring him. Plaintiff claims that the explosion was caused by a defective radiator of which defendants were aware.

AO 72A
(Rev.8/82)

The Court entered an Order on September 13, 2005, regarding discovery issues. Defendants move for reconsideration of this Order and to modify the Order. Defendants also move to stay the enforcement of this Order until the resolution of defendants' motion for reconsideration. Finally, defendants request a hearing on their motions.

The Court grants in part and denies in part defendants' motion to modify the Court's Order as set forth below. The Court amends its Order to correct a typographical error. The last sentence of the first paragraph on page six (6) of the Court's Order, dated September 13, 2005, should read as follows: The Court finds that documents beginning from 1987 are sufficient and accordingly sustains defendants' objections.

The Court denies defendants' request to modify the Order to limit the production of documents to the beginning of 1992 and to models E34 and E36 and to not produce customer complaints. These documents are relevant in that they show how and when defendants were made aware of any alleged defect.

AO 72A
(Rev.8/82)

Defendants' production of documents shall be limited to any and all documents that refer to, reflect or relate to the end tanks (in any fashion) in E30, 31, 32, 34, 36, 38 and 39 series vehicles as well as any concerning the loss or expelling of coolant (not just "leaks" or "leaking radiator" issues) from any portion of the radiator for any cause from 1987 to the present.

Plaintiff states that it does not seek the warranty documents already produced by defendants in <u>Croskey v. BMW, et. al.</u>, No. CAFN 02-73747, pending in the United States District Court for the Eastern District of Michigan, from 1992-2002. Accordingly, defendants need not reproduce such documents to plaintiff.

Defendants' production of documents is not limited to only "English speaking countries." Defendants shall produce all documents in response to plaintiff's requests regardless of language. Plaintiff will bear the burden of translating any documents produced by defendants.

With regard to the production of documents concerning warranty information, the Court directs the parties to confer together in good faith in an actual meeting or conference in person or by phone to identify the

AO 72A
(Rev.8/82)

categories of documents available and to eliminate irrelevant categories of documents.

Defendants shall produce any documents covered by the September 13, 2005, Order, and modified in this order, as well as respond completely to plaintiff's discovery requests including interrogatories, within thirty (30) days from date of entry of this order. The Court recognizes the burden on defendants, particularly on the foreign defendant. However, given this extension of time, the Court trusts that defendants will comply with the Court's Order.

Defendants shall make the noticed deponents (defendants' representatives) available for depositions two weeks following the production of the above-referenced documents.

Plaintiff moves for sanctions against defendants for their bad faith and refusal to comply with the Court's Order and to compel defendants to respond to discovery immediately. The Court finds that defendants' refusal to fully comply with the Court's Order is not in bad faith. The Court denies plaintiff's

4

motion for sanctions and request for defendants to immediately produce discovery responses.

The Court instructs the parties that they should confer, or attempt to confer, in good faith to resolve future discovery issues. "Confer" means that counsel converse, compare views, and deliberate in an actual meeting or conference. See Williams v. Bd. of County Comm'rs, 192 F.R.D. 698, 700 (D. Kan. 2000); Shuffle Master, Inc. v. Progressive Games, Inc., 170 F.R.D. 166, 171 (D. Nev. 1996). "Good faith" means to act without the intention to defraud or abuse the discovery process, with honesty in trying to meaningfully discuss the discovery dispute, and with faithfulness to one's obligation to secure information without court action. See id.

Finally, should any future motion concerning a discovery dispute become necessary including a motion to compel discovery, the movant must include a certification setting forth the steps and actions taken by the movant to confer, or attempt to confer, in good faith to resolve the discovery dispute. The certification should include the discovery dispute at issue, the names of the parties who conferred or attempted to confer, the manner by which these parties communicated, and the dates, times, and results of their discussions.

AO 72A
(Rev.8/82)

See id. The Court will not reach the merits of any motion regarding discovery unless the movant provides such certification and has adequately conferred or attempted to confer.

Accordingly, the Court DENIES AS MOOT defendants' emergency motion to stay [#69] and defendants' motion for reconsideration [#70]; DENIES defendants' motion for hearing on motion to modify [#71]; GRANTS IN PART and DENIES IN PART defendants' amended motion for reconsideration [#72]; GRANTS defendants' amended emergency motion to stay enforcement of the September 13, 2005, Order [#73]; and DENIES plaintiff's motion for sanctions and to compel discovery [#74].

The Court AMENDS its Order, dated September 13, 2005. The last sentence of the first paragraph on page six (6) of the Court's Order, dated September 13, 2005, should read as follows: The Court finds that documents beginning from 1987 are sufficient and accordingly sustains defendants' objections.

AO 72A
(Rev.8/82)

In light of the foregoing, the Court extends the discovery deadline until and including December 30, 2005.

IT IS SO ORDERED, this ___ day of November, 2005.

_____
Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia